UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| AARON CHRISTOPHER MASSEY, | |
| Plaintiff, | |
| v. | CAUSE NO. 3:24-CV-339-CCB-MGG |
| NICHOLE BRIDEGROOM, *et al.*, | |
| Defendant. | |

OPINION AND ORDER

Aaron Christopher Massey, a prisoner without a lawyer, filed a complaint. ECF 1. Pursuant to 28 U.S.C. § 1915A, the court must screen the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. A pro se complaint must be given liberal construction. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). That said, a plaintiff can plead himself out of court if he pleads facts that preclude relief. *See Edwards v. Snyder*, 478 F.3d 827, 830 (7th Cir. 2007); *McCready v. Ebay, Inc.*, 453 F.3d 882, 888 (7th Cir. 2006).

Moreover, prisoners are prohibited from bringing an action in federal court with respect to prison conditions "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "By its plain terms, the PLRA requires prisoners to exhaust administrative remedies *before* filing suit; a sue first, exhaust later approach is not acceptable." *Chambers v. Sood*, 956 F.3d 979, 984 (7th Cir. 2020) (quotation marks and citation omitted). The law takes a "strict compliance approach to exhaustion." *Lockett v.*

*Bonson*, 937 F.3d 1016, 1025 (7th Cir. 2019) (quoting *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006)). "[T]o properly exhaust administrative remedies prisoners must 'complete the administrative review process in accordance with the applicable procedural rules'—rules that are defined not by the PLRA, but by the prison grievance process itself." *Jones v. Bock*, 549 U.S. 199, 219 (2007) (internal citation omitted) (quoting *Woodford v. Ngo*, 548 U.S. 81, 88 (2006)); *see also Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002) ("To exhaust remedies, a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require."). Accordingly, a case may be dismissed at the screening stage as legally frivolous if the face of the complaint makes it clear a prisoner has failed to exhaust his administrative remedies. *See e.g., Mlaska v. Shah*, 428 Fed. Appx. 642, 644 (7th Cir. 2011) (noting dismissal as frivolous was appropriate where prisoner conceded he had not fully exhausted); *see also* 28 U.S.C. § 1915A (instructing courts to review the merits of a prisoner complaint and dismiss it if the action is frivolous).

Here, Massey complains about events that happened at the Westville Correctional Facility in mid-March 2023 related to his medical care. Specifically, he alleges an offender ripped out his foley catheter during an altercation and that a medical director subsequently provided him with inadequate medical care. Massey's complaint is written on the court's approved form, which is signed under penalty of perjury. He checked the box indicating he did not use the prison grievance system to complain about the issue because "this event is not grievable at this prison or jail." ECF 1 at 4.

Massey's belief that he cannot grieve medical issues is not supported by the provisions in the Indiana Department of Correction's grievance policy. *See* Ind. Dep't of Corr. Policy & Admin. Proc., *Offender Grievance Process*, No. 00-02-301 (eff. Sept. 1, 2020), available at: https://www.in.gov/idoc/files/00-02-301-Offender-Grievance-Process-9-1-2020.pdfOffender-Grievance-Process (last visited Apr. 30, 2024). The policy lays out what can be grieved:

> A. Matters Appropriate to the Offender Grievance Process:
>
> Examples of issues which an offender may initiate the grievance process include, but are not limited to:
>
> > 1. The substance and requirements of policies, procedures, and rules of the Department or facility (including, but not limited to, correspondence, staff treatment, medical or mental health, some visitation, and food service);
> >
> > 2. The manner in which staff members interpret and apply the policies, procedures, and/or rules of the Department or of the facility.
> >
> > 3. Actions of individual staff, contractors, or volunteers;
> >
> > 4. Acts of reprisal for using the Offender Grievance Process;
> >
> > 5. Any other concerns relating to conditions of care or supervision within the Department, or its contractors, except as noted in this policy and administrative procedure; and,
> >
> > 6. Prison Rape Elimination Act (PREA).

*Id.* at p. 3. Thus, the policy explicitly includes medical treatment and the actions of staff members and contractors. The Offender Grievance Process separately lists matters inappropriate for the grievance process:

> Examples of non-grievable issues, but not limited to:
>
> > 1. Federal, State, and local law;
> >
> > 2. Court actions and decisions, including pre-sentence investigation reports, pending charges, and jail time credit;
> >
> > 3. Indiana Parole Board Actions or Decisions;
> >
> > 4. Parole Agent recommendations to the Indiana Parole Board;

3

      5. Classification actions or decisions, which include loss of a job, change in security level, facility transfers, and bed moves (a separate classification appeals process is in place for this purpose);

      6. Disciplinary actions or decisions (a separate disciplinary appeal process is in place for this purpose);

      7. Contents of grievance or appeal responses from the Warden / designee or the Department Offender Grievance Manager;

      8. Complaints on behalf of other offenders, class action complaints, or third party individuals;

      9. The denial of a sex offender's visits with minors based upon the results of the Department's case review (Review of this type of visiting restriction is found in Policy and Administrative Procedure 02-01-102, "Offender Visitation");

      10. Any matter over which the Department has no control, such as the actions of persons outside the Department who are not operating under contract with the Department;

      11. Decisions by Wardens to designate an offender as an abuser of the offender grievance process and, thereby, restrict the offender's access to the offender grievance process;

      12. Tort Claims seeking monetary compensation; and,

      13. Staff discipline, staff assignment, staff duties, and/or staff training.

*Id.* at p. 4. None of those exceptions would apply to a complaint about medical treatment (or a lack thereof) at the Westville Correctional Facility. Massey's mistaken belief that this issue cannot be grieved does not excuse his decision not to file a grievance.

    "Failure to exhaust is an affirmative defense that a defendant has the burden of proving." *King v. McCarty*, 781 F.3d 889, 893 (7th Cir. 2015). Nevertheless, "a plaintiff can plead himself out of court. If he alleges facts that show he isn't entitled to a judgment, he's out of luck." *Early v. Bankers Life and Cas. Co.*, 959 F.2d 75, 79 (7th Cir. 1992) (citations omitted). The complaint here indicates Massey did not exhaust his administrative remedies before he filed suit; therefore, this case will be dismissed. *See*

4

*Schillinger v. Kiley*, No. 21-2535, 2022 WL 4075590, at *1 (7th Cir. Sept. 6, 2022) (unpublished) ("Although failure to exhaust is an affirmative defense, a district court may dismiss a complaint at screening if the complaint, and any documents subject to judicial notice, establish the defense so plainly as to make the suit frivolous.").

For these reasons, this case is DISMISSED WITHOUT PREJUDICE pursuant to 28 U.S.C. § 1915A(b)(1) because it is frivolous to sue before exhausting administrative remedies.

SO ORDERED on May 17, 2024.

s/ *Cristal C. Brisco*
CRISTAL C. BRISCO, JUDGE
UNITED STATES DISTRICT COURT